UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.

ISBELA ANDRADE,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

### DEFENDANT WAL-MART STORES EAST, LP' S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81 of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-14820 (14), with full reservation of rights, exceptions and defenses, and in support thereof states:

### FACTUAL BACKGROUND

1. On or about September 9, 2020, Plaintiff Isbela Andrade ("Plaintiff") commenced this action by filing a lawsuit against Non-Party Walmart Inc. in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2. Plaintiff served her Complaint on Walmart Inc.'s registered agent on September 11, 2020. *See* CT Corporation Service of Process Transmittal Form attached as Ex. "B."

3. Subsequently, on October 2, 2020, Plaintiff filed an Amended Complaint substituting Wal-Mart for Walmart Inc. *See* Am. Compl. attached as Ex. "C."

4. The Amended Complaint raises a negligence claim against Wal-Mart due to

injuries Plaintiff allegedly sustained on March 9, 2018 while at the Wal-Mart store located at 5001 N. Federal Highway, Pompano Beach, Florida. *See* Ex. "C." Specifically, Plaintiff contends she "slipped in a puddle of water" on the store's floor and suffered injuries as a result. *Id.*, ¶ 7; *see also id.*, ¶ 11.

5. Plaintiff further asserts that Wal-Mart breached the duty of care owed to her by, among other things, negligently maintaining the subject store and failing to adequately warn her of the alleged condition on which she purportedly slipped. *See id.*, ¶ 10.

6. On or about October 22, 2019, prior to filing the instant lawsuit, Plaintiff submitted a pre-suit demand letter to Wal-Mart's claims administrator, Claims Management, Inc., in which she demanded from Wal-Mart $400,000.00 as full and final settlement of this matter ("Demand Letter"). *See* Demand Letter[1] attached as Ex. "D." The Demand Letter also states she incurred $158,291.26 in medical expenses due to the alleged incident. *Id.*"

7. The Amended Complaint alleges Plaintiff resides in Broward County, Florida. Ex. A.,¶ 2.

8. Given the foregoing, this matter is removable based on diversity of citizenship of the parties and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

9. Wal-Mart attaches hereto and makes a part of this Notice a copy of the process, pleadings, and other papers filed in the Seventeenth Judicial Circuit in and for Broward County, Florida, together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "E."

---

[1] Wal-Mart has not filed the medical records Plaintiff submitted with her Demand Letter in order to protect the Plaintiff's personal information and pursuant to the Court's administrative procedures. Should the Court wish to review these documents, Wal-Mart will provide same to the Court for an *in camera* inspection.

10. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's initial Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on September 11, 2020, when Plaintiff effectuated service of the Complaint on Wal-Mart. Prior to serving her Complaint, Plaintiff sent Wal-Mart the Demand Letter outlining Plaintiff's claimed damages, inclusive of actual medical expenses, in connection with her March 9, 2018 alleged incident. Venue is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because the Seventeenth Judicial Circuit where Plaintiff filed her state court action is located in Broward County, Florida, which is located within the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

## THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Isbela Andrade.

"It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla.) (Cohn, J) (internal

3
HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

citations omitted). In the instant case, the Complaint alleges Plaintiff is a resident of Broward County, Florida. Ex. A, ¶3. Thus, Plaintiff's residence in Broward County, Florida is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz*, 2009 WL 1532129 at *3.

  **B.**  **Citizenship of Wal-Mart.**

Wal-Mart Stores East, LP is a foreign limited partnership, which is, at the time of the alleged incident, and on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC and WSE Investment, LLC are the only partners of Wal-Mart Stores East, LP. WSE Management LLC is the general partner and WSE Investment, LLC is the limited partner.

WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the Complaint, and currently are Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc. Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and on the date of the filing of the Complaint, a Delaware corporation. The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc. The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

**AMOUNT IN CONTROVERSY**

The amount in controversy exceeds $75,000.00. Although the Complaint does not specify an amount in controversy other than Florida's circuit court jurisdictional minimum, it is clear from the Demand Letter that Plaintiff's claimed damages exceed this Court's jurisdictional

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

minimum of $75,000.00.  *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiff in the pre-suit demand package); *see also Mick v. DeVilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).

"Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

The relevant portions of the Demand Letter, along with the medical records and medical bills provided to Wal-Mart with the Demand Letter, conclusively establish that the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum.  As previously stated,

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Plaintiff's Demand Letter claims her medical bills for the alleged incident total $158,291.26  Ex. D.  Moreover, Plaintiff estimates the damages in the instant matter to be at least $400,000.00, based on the amount she demanded to settle this claim.  *See* Ex. D.  These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.  Numerous district court decisions support this conclusion.

For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package.  *Katz,* 2009 WL 1532129 at *4.  The Court noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because, like the Demand Letter, it was based on medical records provided by the plaintiff.  *Id.*

District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00.

In *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and he would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.*  The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an

6

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

additional $1 million dollars in future medical expenses as a result of her incident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she sought, but only plead that her damages were in excess of $15,000.00, this Court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

Here, Plaintiff's pre-suit demand package, which estimate Plaintiff's damages to be $400,000.00, is alleged to be Plaintiff's honest assessment of her claimed damages, since it is based on the medical records she previously provided to Wal-Mart. *See Katz,* 2009 WL 1532129 at *4. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**WHEREFORE**, Defendant WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-010682, be removed from that court to the United States District Court for the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Southern District of Florida, Fort Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Respectfully submitted,

**/s/ Suzette L. Russomanno**
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Suzette L. Russomanno
Florida Bar No. 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: 305-379-3686
*Attorneys for Defendant, Wal-Mart Stores East, LP*

8
**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 9, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

/s/ Suzette L. Russomanno
Suzette L. Russomanno

## SERVICE LIST

Joseph N. Nusbaum, Esq.
Brotman Nusbaum Ibrahim
137 West Royal Palm Road
Boca Raton, FL 33432
joe@lawbni.com
*Attorney for Plaintiff*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690